# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PORTLAND DIVISION

_____
)
**GUSTAVO REYNAGA BONILLA** )
)
**(Plaintiff)** )
) CASE NO. **3:25-CV-496-AN**
**VS** )
)
)
**WAYPOINT RESOURCE GROUP, LLC** )
**d/b/a PRINCE PARKER & ASSOCIATES** )
)
**(Defendant)** )
_____

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

Plaintiff GUSTAVO REYNAGA BONILLA, moves under Federal Rule of Civil Procedure 12(f) to strike Defendant WAYPOINT RESOURCE GROUP, LLC's fifteen affirmative defenses (Document 15, Amended Answer, filed May 23, 2025) as immaterial, impertinent, and insufficient, and under Federal Rule of Civil Procedure 12(e) for a more definite statement on their intolerably vague defenses and responses. As explained below, Defendant's defenses and responses fail to meet applicable pleading standards and risk prejudicing both Plaintiff and judicial efficiency if left uncorrected.

## I. INTRODUCTION

Defendant's affirmative defenses are a house of cards, erected without foundation, destined to collapse. Plaintiff's First Amended Complaint is a well supported by facts, alleging with precision violations of the Fair Debt Collection Practices Act (FDCPA, 15 U.S.C. §§ 1692 et seq.), Fair Credit Reporting Act (FCRA, 15 U.S.C. §§ 1681 et seq.), and Oregon Unlawful Trade Practices Act (OUTPA, ORS §§ 646.607 et seq.), alongside defamation, intentional infliction of emotional distress (IIED), and injunctive relief. Supported by Exhibits A–F previously filed with the First Amended Complaint—irrefutable proof of Defendant's failure to validate the alleged debt (Exhibits D–E), false credit reporting (Exhibit F), and a pattern of consumer harm (Exhibit C, 99+ BBB complaints)—Plaintiff's claims establish Defendant's egregious misconduct, resulting in a $125,000 financing denial (¶ 5), $150,000 emotional distress, and $400,000 reputational harm (¶ 8). Defendant's defenses, devoid of factual or legal merit, are a desperate mirage, and their vague responses (¶¶ 5–12, "Lack of Knowledge," "Exhibits Speak for Themselves") are an affront to this Court's standards. This motion will dismantle their sham defenses, streamline the action, and expose Defendant's liability for a potential $3.61 million judgment.

## II. LEGAL STANDARD

Under **Fed. R. Civ. P. 12(f)**, the Court is allowed to strike "an insufficient defense or any redundant, immaterial, or impertinent matter." A defense is insufficient if it lacks legal or factual support, immaterial if it bears no relation to the controversy, and impertinent if it lacks relevance to the claims. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Affirmative defenses must meet the pleading standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007), requiring plausible facts, not conclusory assertions. *Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010). Boilerplate defenses are "disfavored" and subject to striking. *Merritt v. Mozilo*, No. 09-cv-03247, 2009 WL 3172753, at *2 (D. Or. Oct. 2, 2009). Under **Fed. R. Civ. P. 12(e)**, a more definite statement is warranted when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Defendant's defenses and responses fail these exacting standards, mandating their excision or clarification.

## III. ARGUMENT

### A. Defendant's Affirmative Defenses Must Be Stricken Under Rule 12(f)

Defendant's fifteen affirmative defenses are a litany of hollow assertions, unsupported by facts or law, and irrelevant to Plaintiff's meticulously pleaded claims. Each is a futile attempt to evade liability for Defendant's predatory conduct, as evidenced by Exhibits A–F and Plaintiff's $125,000 financing denial (¶ 5).

- **First Defense (Failure to State a Claim)**: **Immaterial and Insufficient**.

  This boilerplate invocation of **FRCP 12(b)(6)** is a legal nullity. Plaintiff's Complaint alleges specific FDCPA violations (e.g., no validation, 15 U.S.C. § 1692g, Counts I–II), FCRA violations (e.g., false reporting, § 1681s-2(b), Counts III–V), and OUTPA violations (e.g., misrepresentation, ORS § 646.608, Count IX), with precise dates (Feb. 18, March 12, 2025, ¶¶ 1–4), Exhibits D–F (no validation, false reporting), and $125,000 harm (¶ 5). These meet *Iqbal/Twombly*'s plausibility standard. *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (FDCPA applies to debt collectors); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021)

(FCRA standing). Defendant's failure to specify deficient counts renders this defense immaterial. *Barnes*, 718 F. Supp. 2d at 1170. **Strike it.**

- **<u>Second Defense (Statute of Limitations)</u>: Immaterial**.

  Plaintiff's claims, arising in February 2025 (¶¶ 1–4), are well within FDCPA's one-year limit (15 U.S.C. § 1692k(d)) and FCRA's two-year limit (15 U.S.C. § 1681p), filed April 8, 2025. *Rotkiske v. Klemm*, 140 S. Ct. 355, 360 (2019) (FDCPA clock starts at violation). Defendant alleges no earlier conduct, making this defense irrelevant. Exhibits D–E (Feb.–March 2025) confirm timeliness. **Strike it.**

- **<u>Third Defense (Failure to Mitigate Damages)</u>: Insufficient**.

  Plaintiff promptly disputed the debt (Exhibits D–E, ¶¶ 1, 3), and statutory damages under FDCPA/FCRA require no mitigation. *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). Defendant offers no facts on how Plaintiff could mitigate the $125,000 denial (¶ 5) caused by their false reporting (Exhibit F). This conclusory assertion flouts *Iqbal*. **Strike it.**

- **<u>Fourth Defense (Plaintiff's Own Acts/Omissions)</u>: Impertinent**.

  Plaintiff's $125,000 denial (¶ 5) results from Defendant's false reporting (Exhibit F, ¶ 4), not Plaintiff's actions. Defendant provides no facts linking Plaintiff's conduct to harm, rendering this defense irrelevant. *Iqbal*, 556 U.S. at 678. Plaintiff's good-faith disputes (Exhibits D–E) eviscerate this claim. **Strike it.**

- **<u>Fifth Defense (Third-Party Causation)</u>: Insufficient**.

  Defendant's false reporting (Exhibit F) caused the $125,000 denial (¶ 5). No facts identify third parties or their role, making this speculative. *Iqbal* demands specificity, which Defendant lacks. **Strike it.**

- **<u>Sixth Defense (Speculative/Uncertain Damages)</u>: Immaterial**.

  Plaintiff's damages—$125,000 denial, $150,000 emotional distress, $400,000 reputational harm (¶¶ 5, 8)—are quantified and concrete under *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016). Defendant offers no basis for uncertainty, ignoring Plaintiff's detailed allegations. **Strike it.**

- **<u>Seventh Defense (Lack of Standing)</u>: Insufficient**.

  Plaintiff's $125,000 denial (¶ 5), emotional distress, and reputational harm (¶ 8) are concrete injuries under *TransUnion*, 141 S. Ct. at 2204. Defendant's bald assertion ignores these harms, failing *Iqbal*. **Strike it.**

- **<u>Eighth Defense (Waiver, Estoppel, Unclean Hands)</u>: Impertinent**.

  No facts show Plaintiff waived claims, agreed to estoppel, or acted improperly. Plaintiff's diligent disputes (Exhibits D–E) demonstrate clean hands. These equitable defenses require specifics, which Defendant omits. *Iqbal*, 556 U.S. at 678. **Strike it.**

- **<u>Ninth Defense (Bona Fide Error)</u>: Insufficient**.

FDCPA's bona fide error defense (15 U.S.C. § 1692k(c)) demands unintentional violations and reasonable procedures. Exhibit F (CFPB admission, no validation) suggests willfulness, and Defendant alleges no procedures. *Jerman v. Carlisle*, 559 U.S. 573, 587 (2010). Discovery will confirm no safeguards existed. **Strike it.**

-   **Tenth Defense (Non-Material Misrepresentation)**: **Immaterial**.

    Plaintiff's $125,000 denial (¶ 5) from false reporting (Exhibit F) is material under FDCPA § 1692e. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). Defendant offers no facts showing immateriality, ignoring Plaintiff's harm. **Strike it.**

-   **Eleventh Defense (Technical, Non-Willful Violations)**: **Insufficient**.

    Exhibit F and Plaintiff's allegations (¶¶ 4–7) suggest willfulness. Defendant provides no facts proving non-willful conduct, failing *Iqbal*. Non-willfulness does not negate liability, only punitives. **Strike it.**

-   **Twelfth Defense (FCRA Liability Limit)**: **Immaterial**.

    FCRA's § 1681h(e) limits defamation claims, but Plaintiff's FCRA claims (Counts III–V) are statutory, alleging malice (¶ 7), negating this defense. Defendant misapplies the statute, rendering it irrelevant. **Strike it.**

-   **Thirteenth Defense (Good Faith)**: **Insufficient**.

Exhibit F and Plaintiff's allegations (¶¶ 4–7) establish bad faith. Defendant offers

no facts supporting good faith, flouting *Iqbal*. Good faith is not a complete

defense. **Strike it.**

- **Fourteenth Defense (Federal Preemption)**: **Immaterial**.

    FDCPA/FCRA do not preempt OUTPA or defamation claims. *Medtronic, Inc. v.*

    *Lohr*, 518 U.S. 470, 485 (1996). Defendant provides no legal basis, ignoring

    OUTPA's alignment (¶ 9). **Strike it.**

- **Fifteenth Defense (No Ascertainable Loss for OUTPA)**: **Insufficient**.

    Plaintiff's $125,000 denial (¶ 5) is an ascertainable loss under ORS § 646.638(1).

    Defendant offers no counter-facts, failing *Iqbal*. **Strike it.**

## B. Defendant's Vague Responses Demand a More Definite Statement Under Rule 12(e)

Defendant's responses in ¶¶ 5–12 ("Lack of Knowledge," "Exhibits Speak for

Themselves") are so vague and evasive that Plaintiff cannot reasonably respond. *Iqbal*,

556 U.S. at 678, mandates factual specificity. Defendant must clarify which allegations

are admitted, denied, or disputed, and provide factual bases, or risk default. These

responses are a cowardly dodge, unworthy of this Court's tolerance. Such vague

responses frustrate the purpose of Rule 8 and violate the spirit of fair notice pleading. See

*McHenry*, 84 F.3d at 1179. Plaintiff respectfully requests that the Court order Defendant

to file a more definite statement clarifying whether these allegations are admitted or

denied, and if denied, to state the basis for the denial.

### C. **<u>Plaintiff Would Be Prejudiced if the Defenses Remain</u>**

Allowing these legally and factually deficient defenses to remain would prejudice Plaintiff by expanding discovery, obscuring the legal issues, and delaying resolution. The Court has broad discretion under Rule 12(f) to prevent such prejudice by striking unsupported defenses.

## IV. CONFERRAL CERTIFICATION (LR 7-1(a)(2))

On May 27, 2025, Plaintiff emailed Defendant's counsel, Robert E. Sabido, requesting clarifications on the affirmative defenses and responses by June 4, 2025, 5 PM PDT. Despite Defendant's May 23, 2025, promise to schedule a Rule 26(f) conference, no response was received to either request to this day, June 9th, 2025. Plaintiff's good-faith attempt to resolve the matter without court involvement was unsuccessful.

## V. CONCLUSION

Defendant's affirmative defenses are a sham, unsupported by fact or law, and their vague responses do not meet the judicial process standard. Plaintiff respectfully demands that this Court:

1. **Strike** Defendant's First through Fifteenth Affirmative Defenses under **Fed. R. Civ. P. 12(f)** with prejudice, as they are immaterial, impertinent, and insufficient.

2. **Order** a more definite statement for responses in ¶¶ 5–12 under **Fed. R. Civ. P. 12(e)** within 14 days, specifying admitted or disputed allegations and factual bases.

3. **Grant** such other relief as the Court deems just.

Dated: June 9th, 2025                    **RESPECTFULLY SUBMITTED,**

**GUSTAVO REYNAGA BONILLA**

BY: */s/ Gustavo Reynaga Bonilla, Agent*

58730 Noble Court

Saint Helens, Oregon [97051]

omegainterops@gmail.com

(503) 855-8341

## CERTIFICATE OF SERVICE

I hereby certify that on June 9th, 2025, a copy of the foregoing was filed with the Clerk of this Court as is required via CM/ECF. Further, all counsel of record were served with the same via electronic filing notification.

*/s/ Gustavo Reynaga Bonilla, agent*

***Distribution:***

Robert E. Sabido

robert@sabidolawllc.com

SABIDO LAW, LLC

9385 SW Locust Street

Tigard, Oregon 97223

Telephone: (971) 302-6236