Jesse M. Tillman, III, SCBN 100419 (*Pro Hac Vice*)
jay.tillman@frostechols.com
FROST-ECHOLS, LLC
224 Oakland Avenue
Rock Hill, South Carolina 29730
Telephone: (803) 329-8984

Robert E. Sabido, OSB No. 964168
robert@sabidolawllc.com
SABIDO LAW, LLC
8215 SW Tualatin Sherwood Rd., Ste. 218
Tualatin, Oregon 97062
Telephone: (971) 302-6236
Facsimile: (503) 974-1673

  Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GUSTAVO REYNAGA BONILLA,<br><br>  Plaintiff,<br><br>v.<br><br>WAYPOINT RESOURCE GROUP, LLC d/b/a<br>PRINCE PARKER & ASSOCIATES,<br><br>  Defendant. | Case No. 3:25-cv-00496-AN<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT** |

  Now comes Defendant Waypoint Resource Group, LLC ("Waypoint" or "Defendant"), pursuant to Rules 12 (e) 12 (f) in response to Plaintiff's Motion to Strike Defendant's Affirmative Defenses and For a More Definite Statement and shows the court as follows:

  1.  Plaintiff filed his complaint against Defendant on March 24, 2025 and filed his amended complaint with the court on April 15, 2025 (ECF Nos. 1 and 7).

  2.  Defendant answered Plaintiff's amended complaint on May 23, 2025 (ECF No.

Page 1 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
    AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

15).

3. Plaintiff filed his unilateral Rule 26(f) report (ECF No. 17) with the court on June 9, 2025.

4. Plaintiff concurrently filed his Motion to Strike Defendant's Affirmative Defenses and For More Definite Statement on June 9, 2025 (ECF No. 18).

5. Plaintiff's motion lacks a certification that the parties met and conferred and were unable to resolve the dispute.

ARGUMENT

**1. Plaintiff failed to meet and confer with counsel for Defendant prior to filing his Motion to Strike Affirmative Defenses and For More A Definite Statement and, therefore, his motion should be denied.**

Prior to filing a motion (except for one seeking a temporary restraining order), the moving party must meet and confer by telephone or in person in an effort to resolve the dispute and the first paragraph of a party's motion must state that this has occurred. *See* LR 7-1(a). "When conferring about a dispositive motion, the parties must discuss each claim, defense, or issue that is the subject of the proposed motion." LR 7-1(a)(2). Plaintiff failed to fulfill this requirement before filing his motion. His motion should therefore be denied. See LR 7-1(a)(3).

**2. The Heightened Pleading Standards of Twombly[1] and Iqbal[2] Do Not Apply To Affirmative Defenses.**

Even if this Court were to consider Plaintiff's motion to strike, it should be denied. Plaintiff suggests that the stringent pleading standards established by the United States Supreme

---

[1] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)
[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)

Page 2 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
  AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

Court in Twombly and Iqbal apply to affirmative defenses. *See* ECF No. 18 at p. 2. He does not, however, cite a single case that actually holds this, and the Ninth Circuit has never said Twombly and Iqbal apply to the pleading of affirmative defenses. In Twombly and Iqbal, the Supreme Court interpreted the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which require a plaintiff to "show" he is entitled to relief. *See* Fed. R. Civ. Proc. 8(a)(2) ("a short and plain statement of the claim showing that the pleader is entitled to relief"). By contrast, a defendant is not required to "show" that he is entitled to anything – under Rule 8(b), a defendant need only "state in short and plain terms its defenses to each claim asserted against it." *See* Fed. R. Civ. P. 8(b)(1)(A) (emphasis added). The pleading requirements for affirmative defenses under Rule 8(c) require only that a defendant "affirmatively state any avoidance or affirmative defense" in the answer. *See* Fed. R. Civ. P. 8(c)(1) (emphasis added).

   The Ninth Circuit does not apply a heightened standard to affirmative defenses and does not require a defendant to plead defenses in detail. Rather, the test is whether the defendant has given "fair notice" to the plaintiff of the defense. *See Kawasaki Jukogyo Kabushiki Kaisha v. Roze Corporation,* 737 F. Supp. 3d 770, 777 (N.D. Cal. 2024) ("Rule 26(f) allows (but does not require) the Court to "strike from a pleading an insufficient defense." The key to determining the sufficiency of pleading an affirmative defense is whether it gives Plaintiff fair notice of the defense." citing *Wyshak v. City Nat'l. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "The Ninth Circuit has not yet decided whether the pleading standards of Twombly and Ashcroft . . . apply to affirmative defenses." *G&G Closed Circuit Events, LLC*, 2012 WL 3028368 at *1 (holding that standards do not apply); see *Trustmark Ins. Co. v. C & K Market, Inc.*, 2011 WL 587574, at *1 (D. Ore. Feb. 10, 2011) (recognizing "that the state of the law may be shifting," but stating that court "remain[s] bound by current Ninth Circuit precedent. Until Wyshak is overruled [the

Page 3 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
   AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

court is] bound to follow it," and declining "to extend the plausibility pleading requirements of Twombly to affirmative defenses"). Under the plain language of the Federal Rules, a defendant need only "state" his defenses – he need not provide details "showing" he is entitled to prevail on those defenses. *See, e.g.*, *Ameristar Fence Prods., Inc. v. Phoenix Fence Co.*, 2010 WL 2803907, at *1 (D. Ariz. July 15, 2010) ("The Court is of the view that the pleading standards enunciated in Twombly and [Iqbal], have no application to affirmative defenses pled under Rule 8(c).").

**3.     Plaintiff Cannot Demonstrate Prejudice From Any Affirmative Defense Asserted By Waypoint.**

Some courts refuse to grant a motion to strike an affirmative defense unless the moving party can "also show how such material will cause prejudice." *J&J Sports Productions, Inc.*, 2012 WL 2919681 at *1-2; accord *Webster v. Nations Recovery Ctr., Inc., 2009 WL 2982649*, at *1 (D. Colo. Sept. 15, 2009) ("Prejudice occurs when the challenged pleading . . . confuses the issues or is so lengthy or complex that it places an undue burden on the responding party."); *XY Skin Care & Cosemetics, LLC v. Hugo Boss USA, Inc.*, 2012 WL 2382998, at *1 (D. Ariz. Aug. 4, 2009). Plaintiff has not and cannot show he will be prejudiced if his motion is denied.

Plaintiff will not be prejudiced simply because Waypoint asserted affirmative defenses based on the information available to it when it filed its Answer to Plaintiff's amended complaint. A defendant has twenty-one days to prepare and file an answer to the complaint, while a plaintiff has up to a year to investigate and prepare a complaint asserting FDCPA claims. *See* 15 U.S.C. § 1692k(d) (establishing one-year statute of limitations). Within this comparably short time frame available to Waypoint, it is far more difficult for it to formulate and plead detailed affirmative defenses. As the Southern District of California recently observed:

Page 4 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
         AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

Frost Echols, LLC
224 Oakland Avenue
Rock Hill, South Carolina 29730
Telephone: (803) 329-8984

> "From a Practical point of view, a plaintiff may investigate a potential claim for weeks, months, or even years before filing a complaint. To expect a defendant to investigate and to adequately prepare an answer containing all relevant affirmative defenses within 21 days of service of the complaint, Fed. R. Civ. P. 12(a)(1), would seem to be unrealistic in most cases, subject to the nature and complexities of each case."

*Meas v. CVS Pharmacy, Inc.*, 2011 WL 2837432, at *3 (S.D. Cal. July 14, 2011).

Plaintiff knows the core facts surrounding his claim and does not need the same level of detail from Waypoint in the answer. *See In Re Wash. Mutual, Inc. Secs., Derivative & ERISA Litig.*, 2011 WL 1158387, at *1 (W.D. Wash. Mar. 25, 2011) (""Detailed pleading is not necessary to give fair notice to the Plaintiff under Rule 8(c) of the affirmative defense, given that the core factual circumstances are already well known to the parties.") (citation omitted). Unlike Waypoint – a defendant who should be protected from burdensome discovery if no valid claim has been stated – Plaintiff cannot claim prejudice from having to initiate and pursue discovery in the suit that he filed. *See, e.g.*, *FTC v. Hope Now Modifications, LLC*, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011) ("A defendant asserting an affirmative defense is not 'unlock[ing] the doors of discovery' in the same way that a plaintiff does by bringing a complaint in the first place. The Defendants here are already subjected to discovery, and the Court therefore concludes that should the Plaintiff need to request the factual basis of an asserted affirmative defense by way of an interrogatory, Twombly and Iqbal do not counsel otherwise."); *Vurimindi v. Fuqua School of Bus.*, 2011 WL 3803668, at *3 (E.D. Pa. Aug. 29, 2011) ("a plaintiff may easily explore a defendant's affirmative defenses through contention interrogatories and other discovery."). Indeed, Plaintiff is able to do this.

In addition, conclusory statements about the inadequacy of affirmative defenses are inadequate to show prejudice, and do not rise to the level required for a motion to strike. *See XY Skin Care & Cosmetics, LLC*, 2012 WL 2382998 at *1 (D. Ariz August 4, 2009). Plaintiff is on

Page 5 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
        AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

**Frost Echols, LLC**
**224 Oakland Avenue**
**Rock Hill, South Carolina 29730**
**Telephone: (803) 329-8984**

notice of each of Waypoint's affirmative defenses and he can easily use the discovery process to more fully develop the factual basis for each of them. See *Michaud*, 2011 WL 2885952, at *4 (D. Colo. July 18, 2011) ("A short and plain statement of the affirmative defense . . . provides notice to a plaintiff, who can then use the discovery process to investigate more full the factual basis supporting the defense."). Plaintiff cannot show prejudice. Therefore, his motion should be denied.

4. **Failure To State A Claim Is An Appropriate Affirmative Defense.**

The first affirmative defense states "The Complaint fails to state factual matter sufficient to constitute a claim against Defendant that is plausible on its face." ECF No. 15, p. 8. This defense is specifically permitted by Rule 12(b)(6) and Rule 12(h)(2) of the Federal Rules of Civil Procedure, which states "[f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. Proc. 12(h)(2). An answer to a complaint is one the pleadings specifically allowed for under Rule 7(a), and thus the defense of "failure to state a claim" is completely proper. *See* Fed. R. Civ. Proc. 7(a)(2).

Courts have repeatedly held that "failure to state claim" is an appropriate affirmative defense. *See, e.g.*, *J&J Sports Prods. v. Scace*, 2011 WL 2132723, at *2 n.1 (S.D. Cal. May 27, 2011) (denying motion to strike and stating "[w]ith respect to the First Affirmative Defense, failure to state a cause of action, Federal Rule of Civil Procedure 12(h)(2) permits the defense of failure to state a claim to be raised in an answer"); *Christina H. v. Medford Schs.*, 2011 WL 1002166, at *2 (D. Or. Feb. 22, 2011) (denying motion to strike affirmative defense and stating "[failure to state a claim] is perhaps best understood as a general denial of plaintiffs' allegations rather than an affirmative defense, the basis for the defense is unmistakable, and the defense is properly asserted as allowed by Rule 12(h)").

Page 6 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
        AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

The defense is also permitted under Fed. R. Civ. Proc. 12(b), which states "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted . . . ." *Id.* (emphasis added). In other words, the Federal Rules require "failure to state a claim" be asserted in a responsive pleading, but also permit it to be asserted by motion. The defense is proper.

### 5.  The Bona Fide Error Defense Is Properly Pled.

Plaintiff submits that Waypoint failed to adequately plead its "bona fide error" defense (ECF No 15, p. 5, Ninth Defense), which arises under section 1692k(c) of the Fair Debt Collection Practices Act ("FDCPA"). Pursuant to that provision, FDCPA liability may not be imposed if the defendant "shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Although Waypoint bears the burden of proof on the defense, it does not have to meet that burden within the confines of its answer to the complaint.

Contrary to Plaintiff's implicit suggestion, specific detail regarding the basis for the defense is not required at this early stage of the proceedings:

> "Review of the FDCPA's statutory language explaining the bona fide defense would provide Plaintiff with the component elements of this defense, and Plaintiff, like other litigants, is free to explore the factual basis for this assertion through the discovery process. Plaintiff overstates her assertions of prejudice. The Court finds nothing confusing or overly complex about Defendant's bona fide error defense. The Court further does not find compelling Plaintiff's argument that the affirmative defense will cause Plaintiff to expend considerable time, energy, and [resources] to determine the precise nature of Defendant's purported defense. Plaintiff initiated this lawsuit, is represented by competent counsel, and is clearly aware of the discovery process. Proffering a handful of interrogatories inquiring about the bona fide defense can hardly be characterized as considerable effort."

Page 7 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
　　　　　AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

*Michaud v. Greenberg & Sada, P.C.*, 2011 WL 2885952, at *4 (D. Colo. July 18, 2011) (internal quotations and citations omitted).

Or, as another court put it:

"A party hauled into court arguably should not be exposed to discovery based on the opposing party's unsubstantiated allegations that the party engaged in fraud or committed a mistake. Here, in contrast, M.R.S. is not alleging that Saeedi committed a fraud or was mistaken, but that M.R.S. may have acted (or failed to act) through a good faith error. M.R.S. is not using vague or conclusory allegations as a license to conduct discovery into Saeedi's affairs, rather M.R.S. has only exposed itself to further inquiry into what constituted the alleged 'bona fide error.' No rule or policy weighs against requiring Saeedi to use the discovery process to explore what, if any, factual and evidentiary basis M.R.S. may have to support that averment."

*Saeedi v. M.R.S. Assocs., Inc.*, 2007 WL 1875975, at *1 (N.D. Cal. June 28, 2007). Waypoint provided "fair notice" of the defense. See also Wyshak, 607 F.2d at 827.

**6.     The No Willful Conduct And Good Faith Affirmative Defenses Are Properly Pled.**

The eleventh affirmative defense, no willful conduct, and the thirteenth affirmative defense, good faith, (ECF No. 15, p. 9) assert that Waypoint has not acted intentionally or with any intent to harm to Plaintiff. Plaintiff contends that Defendant needs to allege specific facts and fails to meet the *Iqbal* standard for pleadings. Plaintiff misses the point.

These are proper defenses to FDCPA claims, like Plaintiff's, which seek statutory damages. *See* ECF No. 7 at § VII. When determining the amount of statutory damages, if any, to be awarded under the FDCPA, the Court must consider: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Waypoint's lack of intent to harm Plaintiff is a proper defense, and these defenses are properly asserted.

Page 8 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
               AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

Frost Echols, LLC
224 Oakland Avenue
Rock Hill, South Carolina 29730
Telephone: (803) 329-8984

7. **The Failure to Mitigate Affirmative Defense Is Properly Pled**.

The third affirmative defense (ECF No. 15 at p. 8), failure to mitigate, is proper to the extent that Plaintiff is seeking to recover damages. The law imposes a duty on all parties to mitigate their damages. *See Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1568 (1996); *Pennsylvania State Police v. Suders*, 542 U.S. 129, 152 (2004) (discussing plaintiff's duty to mitigate in Title VII case); *see also* the Ninth Circuit Manual of Model Jury Instructions, Civil, No. 5.3, Damages - Mitigation. Courts have previously refused to strike this affirmative defense, given the lack of prejudice. See *J&J Sports Prods.*, 2012 WL 2919681 at *2; *Ganley v. County of San Mateo*, 2007 WL 902551, at *6 (N.D. Cal. Mar. 22, 2007); *Glover v. Mary Jane M. Elliot, P.C.*, 2007 WL 2904050, at *3 (W.D. Mich. Oct. 2, 2007) ("[a]lthough failure to mitigate is not a defense to an award of statutory damages, it may be a defense to a claim for actual damages."). Plaintiff has fair notice of the defense, and he is in possession of most of the facts bearing on whether he has or has not taken appropriate steps to mitigate any damages he may have suffered. The defense is properly asserted.

8. **The Affirmative Defense Of Waiver Is Properly Pled.**

Similarly, Plaintiff is on notice of the eighth affirmative defense, waiver, and he ignores the Ninth Circuit decision in *Clark* which holds that the rights protected by the FDCPA can be waived. See *Clark v. Capital Credit and Collections Servs. Inc.*, 460 F.3d 1162, 1170 (9th Cir. 2006). Although the Ninth Circuit applied a "heightened standard of voluntariness" to waiver of FDCPA claims, the court expressly held that a debtor can waive rights under the FDCPA. *See id.* ("Applying these principles to the protections of § 1692c(c), we hold that a debtor may waive the rights created by a cease communication directive."). Indeed, the only courts to address the issue have expressly held that waiver is an appropriate defense to FDCPA claims. *See id.*; *see also*

*Bishop v. I.C. Sys., Inc.*, 713 F. Supp. 2d 1361, 1366 (M.D. Fla. 2010) (acknowledging that waiver is valid defense to an FDCPA claim). In addition, Plaintiff seeks an equitable remedy, injunctive relief (ECF. No 7 at Count VIII, p. 9) and waiver is an equitable defense. The defense is proper.

9. **The Unclean Hands Defense Is Properly Pled**

The defense of unclean hands contained within Defendant's eighth affirmative defense is proper, because the court may consider Plaintiff's conduct when deciding whether a violation has occurred, or how much damage, if any, to award. Plaintiff suggests an unclean hands defense is improper in an FDCPA action, because it is an equitable defense. He cites no authority for the proposition that the affirmative defense must be stricken. Also, Plaintiff seeks an equitable remedy, injunctive relief (ECF. No 7 at Count VIII, p. 9) and unclean hands is an equitable defense.

Unclean hands can be used as a defense to statutory claims. *See, e.g.*, *Japan Telecom, Inc. v. Japan Telecom Am., Inc.*, 287 F.3d 866, 870-71 (9th Cir. 2002) (discussing elements of unclean hands defense to Lanham Act claim); *Baum v. Faith Techs., Inc.*, 2010 WL 2365451, *3 (D. Ok. June 9, 2010) (rejecting argument that unclean hands not available as defense to statutory claim). Plaintiff is on fair notice of Defendant's unclean hands defense and that is all that is required. See *Gen-Probe, Inc. v. Beckton Dickinson and Co.*, 2010 WL 4442731, at *1 (S.D. Cal. 2010) (denying motion to strike unclean hands defense). The defense is properly asserted.

10. **The Affirmative Defense Of Standing Is Properly Pled**

Plaintiff argues that Waypoint's fifteenth affirmative defense regarding Plaintiff's lack of standing to bring a claim under Oregon's Unlawful Trade Practices Act ("UTPA") claim,

Page 10 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
   AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

standing, should be struck because he alleges he suffered "an ascertainable loss under ORS § 646.638(1)." (ECF No. 18 at p. 7). The defense is proper. Plaintiff will be unable to prove that he suffered any actual damages as the result of Waypoint's conduct. His statutory damages claim will also fail and he will be entitled to recover zero damages. In the absence of any actual damages or statutory damages, Plaintiff has suffered no "injury-in-fact," and therefore, lacks standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563 (1992). *See also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 578 U.S. 330, (2016). Waypoint has given Plaintiff fair notice that he lacks standing.

### 11.     In The Alternative, Waypoint Requests Leave To Amend Its Affirmative Defenses

If the Court finds that any of Waypoint's affirmative defenses are not properly pled, Waypoint should at least be granted leave to amend before having any of those affirmative defenses stricken. *See Williams v. California 1st Bank*, 859 F.2d 664, 665 (9th Cir. 1988); *Wyshak*, 607 F.2d at 826. Even a case cited by Plaintiff recognized this, to varying degrees. *See Barnes*, 718 F. Supp. 2d at 1173. Waypoint should be granted leave to amend its affirmative defenses to add additional facts if required versus having its defenses stricken.

### CONCLUSION

For the reasons stated above, Waypoint respectfully asks this court to deny Plaintiff's Motion To Strike Defendant's Affirmative Defenses and Provide a More Definite Statement and allow Defendant to plead is affirmative defenses contained within its Answer to Plaintiff's Amended Complaint because they are properly pleaded pursuant to the Federal Rules of Civil Procedure and amplifying law. In the alternative, should this court determine that Waypoint's

Page 11 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
           AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

Frost Echols, LLC
224 Oakland Avenue
Rock Hill, South Carolina 29730
Telephone: (803) 329-8984

defenses are not properly pleaded, that Waypoint be allowed to amend its answer to include what the court believes to be properly pleaded affirmative defenses.

DATED: June 25, 2025

>Frost Echols, LLC
>
>/s/ Jesse M. Tillman, III
>Jesse M. Tillman, III, SCB No. 100419 (*Pro Hac Vice*)
>jay.tillman@frostechols.com
>Telephone: (803) 329-8984
>
>SABIDO LAW, LLC
>
>Robert E. Sabido, OSB No. 964168
>robert@sabidolawllc.com
>Telephone: (971) 302-6236
>Attorneys for Defendant

Page 12 – RESPONSE TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND FOR A MORE DEFINITE STATEMENT

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing Response To Plaintiff's Motion To Strike Affirmative Defenses and For a More Definite Statement on the date indicated below, and on the following recipients, by:

- ☐ mail with postage prepaid, deposited in the US mail at Portland, Oregon,
- ☐ hand delivery,
- ☐ email,
- ☐ facsimile transmission,
- ☐ overnight delivery,
- ☒ electronic filing notification.

Gustavo Reynaga Bonilla
omegainterops@gmail.com
58730 Noble Court
Saint Helens, OR 97051

Plaintiff, *Pro Se*

DATED: June 25, 2025

*/s/ Jesse M. Tillman, III*

Jesse M. Tillman, III

Page 1 - CERTIFICATE OF SERVICE