UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

GUSTAVO REYNAGA BONILLA,

Plaintiff,

v.

WAYPOINT RESOURCE GROUP, LLC d/b/a PRINCE PARKER & ASSOCIATES, CREDENCE RESOURCE MANAGEMENT, LLC, AT&T MOBILITY LLC.,

Defendants.

Case No. 3:25-cv-00496-AN

---

### **SECOND AMENDED COMPLAINT**

### FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692 et seq.), FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 et seq.), OREGON UNLAWFUL TRADE PRACTICES ACT (ORS § 646.608), DEFAMATION, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE

### DEMAND FOR JURY TRIAL

**NOTE TO COURT**: This Second Amended Complaint preserves all original claims against Defendant WAYPOINT RESOURCE GROUP, LLC D/B/A PRINCE PARKER & ASSOCIATES ("Waypoint") from the First Amended Complaint without alteration, ensuring the pending Motion to Strike Defenses remains fully operative and not mooted, as the amendments solely add new defendants and claims against them while increasing damages based on newly discovered evidence.

### INTRODUCTION

1. Plaintiff GUSTAVO REYNAGA BONILLA brings this action against Defendants WAYPOINT RESOURCE GROUP, LLC D/B/A PRINCE PARKER & ASSOCIATES ("Waypoint"), CREDENCE RESOURCE MANAGEMENT, LLC ("Credence"), and AT&T MOBILITY LLC ("AT&T") for violations of federal and Oregon law arising from unlawful debt collection practices.

2. Defendants' misconduct resulted in severe financial harm, reputational damage, and emotional distress due to their deliberate and unlawful actions.

3. This is not an isolated incident. Defendants have a known track record of engaging in bad-faith debt collection practices throughout multiple states. According to multiple lawsuits, consumer complaints, and public data from the Consumer Financial Protection Bureau (CFPB) and Better Business Bureau (BBB), Defendants have repeatedly violated provisions of the FDCPA and FCRA in its business practices. Waypoint has been sued in federal court multiple times, including a 2017 class action (Alderman v. Prince-Parker & Associates, Inc., S.D. Fla., Case No. 2:17-cv-14165) where Defendant was alleged to have failed to identify itself as a debt collector in voicemails. Furthermore, Waypoint has accumulated over 100 complaints with the BBB in the last three years-many of which involve the same issues at the core of this action: failure to validate debts, inaccurate credit reporting, third-party contact violations, and verbal harassment. Waypoint, as debt collectors, engaged in bad-faith practices, including failing to validate the Debt and reporting it to credit reporting agencies (CRAs) without notice, while AT&T enabled these violations by reassigning an unverified debt. Waypoint's evasive response to Plaintiff's First Request for Production and Credence's admitted failure to validate (Exhibit G) confirm their bad faith, exacerbating Plaintiff's harm.

4. Plaintiff seeks statutory, actual, punitive damages, costs, and injunctive relief under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.), Oregon Unlawful Trade Practices Act (ORS § 646.608), and Oregon common law.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction pursuant to:
- 15 U.S.C. § 1692k(d) (FDCPA),
- 15 U.S.C. § 1681p (FCRA),
- 28 U.S.C. § 1331 (Federal Question Jurisdiction)
- 28 U.S.C. § 1367 (Supplemental Jurisdiction for state claims).

6. Venue is proper under 28 U.S.C. § 1391(b)(2), as Defendant's unlawful conduct occurred within this district where Plaintiff resides.

**PARTIES**

7. PLAINTIFF GUSTAVO REYNAGA BONILLA, residing at 58730 Noble Ct, St. Helens, OR 97051.

8. DEFENDANT: WAYPOINT RESOURCE GROUP, LLC, operating under the assumed business name PRINCE PARKER & ASSOCIATES, a debt collection agency with the following locations:

9. Headquarters: 8625 Crown Crescent Ct, Suite 200, Charlotte, NC 28227.

10. Utah Office: 1065 West Levoy Drive, Suite 100, Taylorsville, UT 84123.

For the purposes of service of process, Defendant's registered agent in Oregon is COGENCY GLOBAL INC., located at 698 12th St SE STE 200, Salem, Oregon 97301.

9. DEFENDANT: CREDENCE RESOURCE MANAGEMENT, LLC, a debt collection agency with a principal place of business at 4222 Trinity Mills, Suite 260, Dallas, TX 75287. For the purposes of service of process, Defendant's registered agent in Oregon is CORPORATION SERVICE COMPANY, located at 1127 BROADWAY STREET NE STE 310, Salem, OR 97301.

10. DEFENDANT: AT&T MOBILITY LLC., a corporation with a principal place of business at 1025 LENOX PARK BLVD NE, Atlanta, GA 30319, and the original creditor of the alleged debt. For the purposes of service of process, Defendant's registered agent in Oregon is CT CORPORATION SYSTEM, located at 780 COMMERCIAL ST SE STE 100, Salem, OR 97301.

**FACTUAL ALLEGATIONS**

11. On February 18, 2025, Plaintiff sent Defendant a debt validation request via email, which Defendant acknowledged receiving that same day.

12. Despite receiving the request, Defendant failed to provide validation as required under 15 U.S.C. § 1692g.

13. On March 12, 2025, Plaintiff sent a Final Opportunity to Cure letter, formally notifying Defendant of its violations and providing a last chance to comply. The defendant again failed to respond.

14. Before providing the proper notices, Defendant unlawfully reported the alleged debt to credit bureaus, falsely damaging Plaintiff's creditworthiness and violating 15 U.S.C. § 1692e(8) and 15 U.S.C. § 1681s-2(b).

15. This directly caused Plaintiff to be denied student financing of $125,000 plus interest, essential for Plaintiff's commercial pilot school.

16. Recognizing its unlawful conduct, Defendant removed the collection entry from Plaintiff's credit report but still failed to validate the debt, further confirming its bad faith and fraudulent reporting practices.

17. Defendant's actions were not only willful and malicious but also part of a systematic and deceptive pattern of disregarding consumer protection laws. Defendant knowingly and intentionally reported false information, failed to investigate despite statutory requirements, and ignored Plaintiff's dispute. Such deliberate and reckless disregard for legal obligations demonstrates a pattern of consumer abuse that warrants the highest punitive damages allowable under 15 U.S.C. § 1681n.

18. Plaintiff suffered direct financial harm by being denied essential student financing. This denial caused delays in career advancement, lost income, reduced creditworthiness, and substantial emotional distress. Plaintiff's damages are real, quantifiable, and directly traceable to Defendant's actions.

19. This pattern is supported by numerous federal lawsuits and over 99 BBB complaints in the last 36 months against Defendant, many of which describe nearly identical conduct-false credit reporting, refusal to verify debts, third-party harassment, and abusive communication. In CFPB Complaint No. 8363437, Defendant was also accused of

operating without a valid license, further supporting the inference that such conduct is habitual and institutional.

20. On April 1st, 2025, Stacy Lucarelli, agent of PRINCE PARKER & ASSOCIATES, responded on the CFPB Portal the following, "Hello, Thank you for submitting your dispute with Prince Parker and Associates. We have reviewed your account. Your account has been removed from our office and we are no longer handling the account. If you have any further questions please contact AT&T directly. Thank you, Stacy Lucarelli. This communication is from a debt collector, this is an attempt to collect a debt and any information will be used for the purpose."

21. This communication confirms that Defendant was no longer authorized to pursue the debt and that no validation was ever provided or had never conducted the required investigation before reporting to the Plaintiff credit report. Defendant had already reported the alleged debt to consumer credit agencies, causing measurable damage to Plaintiff's credit and finances. This constitutes a knowing violation of 15 U.S.C. § 1692g, 15 U.S.C. § 1692e(8), and 15 U.S.C. § 1681s-2(b), and demonstrates deliberate and coercive conduct designed to mislead Plaintiff into paying an unvalidated debt.

22. On July 10, 2025, Plaintiff sent a debt validation request to CREDENCE RESOURCE MANAGEMENT, LLC, which acknowledged receipt on July 11, 2025, but failed to provide validation On July 23, 2025, Credence sent a letter titled "Credence Letter of Cancellation," confirming their inability to validate and cessation of collection efforts, admitting the Debt's invalidity (Exhibit G).

23. AT&T reassigned the unverified Debt to Credence after Waypoint had returned it back, knowing or recklessly disregarding their failure to validate, enabling violations of 15

U.S.C. § 1692g(b), ORS § 646.608, and causing Plaintiff ongoing emotional distress, reputational harm, and financial loss.

24. Credence failed to send a written validation notice within five days of its initial communication with Plaintiff on or about July 10, 2025, violating 15 U.S.C. § 1692g(a). Credence's subsequent failure to validate the Debt after Plaintiff's dispute (July 10, 2025) and its admission of non-validation exacerbated Plaintiff's emotional distress and loss of time.

25. Defendants' actions caused Plaintiff severe emotional distress, including anxiety, sleep disturbances, and reputational harm, evidenced by credit reports, denial of student financing ($125,000 plus interest), and lost career opportunities.

## V. CLAIMS FOR RELIEF

### A. CLAIMS AGAINST WAYPOINT

**Count I: Violation of FDCPA (15 U.S.C. § 1692g) – Failure to Validate Debt**

26. Plaintiff incorporates paragraphs 1–25.

27. Waypoint failed to provide debt validation despite Plaintiff's timely request (February 18, 2025, see Exhibit D), violating 15 U.S.C. § 1692g(a), (b).

28. Plaintiff seeks $1,000 statutory damages, $75,000 actual damages, and $2,500 costs (15 U.S.C. § 1692k(a)(2)(A)).

**Count II: Violation of FDCPA (15 U.S.C. § 1692e(8)) – False Reporting to Credit Bureaus**

29. Plaintiff incorporates paragraphs 1–25.

30. Waypoint knowingly reported false and unverified debt to CRAs, causing financial and reputational harm (see Exhibit F), supported in *Heintz v. Jenkins, 514 U.S. 291, 295 (1995)*.

31. Plaintiff seeks $1,000 statutory damages, $75,000 actual damages, and $2,500 costs (15 U.S.C. § 1692k(a)(2)(A)).

**Count III: Violation of FCRA (15 U.S.C. § 1681s-2(b)) – Failure to Investigate Dispute**

32. Plaintiff incorporates paragraphs 1–25.

33. Waypoint failed to conduct a reasonable investigation after Plaintiff's dispute (March 12, 2025, see Exhibit E), violating 15 U.S.C. § 1681s-2(b), supported in *TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021)*.

34. Plaintiff seeks $1,000 statutory damages, $75,000 actual damages, $468,750 punitive damages, and $2,500 costs (15 U.S.C. § 1681n).

**Count IV: Violation of FCRA (15 U.S.C. § 1681n) – Willful Non-Compliance**

35. Plaintiff incorporates paragraphs 1–25.

36. Waypoint's removal of the Debt without validation (see Exhibit F) admits its invalidity, showing reckless disregard for FCRA obligations. Supported in *Spokeo, Inc. v. Robins, 578 U.S. 330, 339 (2016)*.

37. Plaintiff seeks $468,750 punitive damages and $2,500 costs (15 U.S.C. § 1681n).

**Count V: Violation of FCRA (15 U.S.C. § 1681o) – Negligent Non-Compliance**

38. Plaintiff incorporates paragraphs 1–25.

39. Waypoint's negligent credit reporting entitles Plaintiff to actual damages and costs (15 U.S.C. § 1681o).

40. Plaintiff seeks $75,000 actual damages and $2,500 costs.

**Count VI: Defamation – Publication of False Credit Information**

41. Plaintiff incorporates paragraphs 1–25.

42. Waypoint published false Debt information to CRAs with actual malice or reckless disregard for the truth, despite Plaintiff's dispute (see Exhibit E), causing credit denials, professional setbacks, and public humiliation, satisfying the actual malice standard. Supported in *Gertz v. Robert Welch, Inc., 418 U.S. 323, 345 (1974)*.

43. Plaintiff seeks $75,000 actual damages and $2,500 costs.

**Count VII: Intentional Infliction of Emotional Distress (IIED)**

44. Plaintiff incorporates paragraphs 1–25.

45. Waypoint's reckless misconduct, including false reporting and failure to validate (Exhibits D, F), caused severe emotional distress, anxiety, and career setbacks, constituting outrageous conduct. Supported in *McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841 (1995)*.

46. Plaintiff seeks $75,000 actual damages and $2,500 costs.

**Count VIII: Injunctive Relief**

47. Plaintiff incorporates paragraphs 1–25.

48. Plaintiff seeks a permanent injunction prohibiting Waypoint, its agents, or successors from:

a. Re-reporting the Debt to any CRA,

b. Selling, assigning, or transferring the Debt,

c. Engaging in further collection activity related to the Debt.

**Count IX: Violation of Oregon Unlawful Trade Practices Act (ORS § 646.608)**

49. Plaintiff incorporates paragraphs 1–25.

50. Waypoint engaged in unlawful trade practices by:

a. Representing legal authority to collect and report the Debt without validation, violating ORS § 646.608(1)(e).

b. Failing to disclose it no longer controlled the Debt, violating ORS § 646.608(1)(u).

c. Misrepresenting its relationship to the Debt after cessation (see Exhibit F). Supported in *Parrott v. Carr Chevrolet, Inc., 331 Or. 537, 17 P.3d 473 (2001)*.

51. Plaintiff seeks $1,000 statutory damages, $75,000 actual damages, $468,750 punitive damages, and $2,500 costs (ORS § 646.638(1)).

**Count X: Negligence**

52. Plaintiff incorporates paragraphs 1–25.

53. Waypoint had a duty to verify the Debt's validity before reporting or collecting. It breached this duty by reporting without validation (Exhibit D), causing Plaintiff financial harm ($125,000 student loan denial), reputational damage, and emotional distress. *See Fazzolari v. Portland Sch. Dist. No. 1J, 303 Or. 1, 734 P.2d 1326 (1987)*.

54. Plaintiff seeks $75,000 actual damages and $2,500 costs.

**B. CLAIMS AGAINST CREDENCE**

**Count XI: Violation of FDCPA (15 U.S.C. § 1692g(a), § 1692e(10)) – Failure to Provide Validation Notice and Misleading Representations**

55. Plaintiff incorporates paragraphs 1–25.

56. Credence failed to send a written validation notice within five days of its initial communication (July 10, 2025), violating 15 U.S.C. § 1692g(a). Credence's harassing calls and email misrepresented the Debt's validity, violating 15 U.S.C. § 1692e(10) (Exhibit G). *See Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999)*.

57. Plaintiff seeks $1,000 statutory damages, $37,500 actual damages, and $1,250 costs (15 U.S.C. § 1692k(a)(2)(A)).

**Count XII: Violation of FDCPA (15 U.S.C. § 1692g(b)) – Failure to Validate Debt**

58. Plaintiff incorporates paragraphs 1–25.

59. Credence failed to validate the Debt within 30 days of Plaintiff's dispute (July 10, 2025), violating 15 U.S.C. § 1692g(b). Its letter (July 23, 2025, Exhibit G) admits non-validation and cessation of collection, confirming the Debt's invalidity, *see Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1174 (9th Cir. 2006)*.

60. Plaintiff seeks $1,000 statutory damages, $37,500 actual damages, and $1,250 costs (15 U.S.C. § 1692k(a)(2)(A)).

**Count XIII: Intentional Infliction of Emotional Distress (IIED)**

61. Plaintiff incorporates paragraphs 1–25.

62. Credence's reckless failure to provide a validation notice and harassing collection attempts (multiple calls, email, Exhibit G) constituted outrageous conduct, causing severe emotional distress, anxiety, and sleep disturbances. *See McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841 (1995)*.

63. Plaintiff seeks $37,500 actual damages and $1,250 costs.

**Count XIV: Negligence**

64. Plaintiff incorporates paragraphs 1–25.

65. Credence had a duty to provide a validation notice and verify the Debt before collection. It breached this duty by initiating collection without notice or validation (Exhibit G), causing emotional distress and reputational harm. *See Fazzolari v. Portland Sch. Dist. No. 1J, 303 Or. 1, 734 P.2d 1326 (1987)*.

66. Plaintiff seeks $37,500 actual damages and $1,250 costs.

## C. CLAIMS AGAINST AT&T

**Count XV: Vicarious Liability – FDCPA Violations**

67. Plaintiff incorporates paragraphs 1–25.

68. AT&T is vicariously liable for Waypoint's and Credence's FDCPA violations (15 U.S.C. § 1692g(a), § 1692e(8), § 1692g(b)) by knowingly or recklessly reassigning an unverified Debt, maintaining ongoing control over the Debt and knowing or should have known of its invalidity due to Plaintiff's prior disputes and Waypoint's failure to validate (Exhibit F). *See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507, 1516 (9th Cir. 1994).*

69. Plaintiff seeks $1,000 statutory damages, $25,000 actual damages, $187,500 punitive damages, and $1,250 costs (15 U.S.C. § 1692k(a)(2)(A)).

**Count XVI: Violation of Oregon Unlawful Trade Practices Act (ORS § 646.608)**

70. Plaintiff incorporates paragraphs 1–25.

71. AT&T's reassignment of an unverified Debt to Waypoint and Credence constituted deceptive practices, violating ORS § 646.608(1)(e), (u) by misrepresenting the Debt's validity and failing to disclose its unverifiable nature, *see Parrott v. Carr Chevrolet, Inc., 331 Or. 537, 17 P.3d 473 (2001).*

72. Plaintiff seeks $1,000 statutory damages, $25,000 actual damages, $187,500 punitive damages, and $1,250 costs (ORS § 646.638(1)).

**Count XVII: Negligence**

73. Plaintiff incorporates paragraphs 1–25.

74. AT&T had a duty to ensure the Debt was verifiable before reassigning it. Its reckless reassignment to Waypoint and Credence, knowing or disregarding their unlawful practices,

caused financial harm ($125,000 student loan denial), reputational damage, and emotional distress. *See Fazzolari v. Portland Sch. Dist. No. 1J, 303 Or. 1, 734 P.2d 1326 (1987).*

75. Plaintiff seeks $25,000 actual damages and $1,250 costs.

**Count XVIII: Intentional Infliction of Emotional Distress (IIED)**

76. Plaintiff incorporates paragraphs 1–25.

77. AT&T's reckless reassignment of an unverified Debt to multiple collectors, despite knowledge of their unlawful practices, constituted outrageous conduct, causing severe emotional distress. *See McGanty v. Staudenraus, 321 Or. 532, 901 P.2d 841 (1995).*

78. Plaintiff seeks $25,000 actual damages and $1,250 costs.

**VI. TOTAL DAMAGES REQUESTED**

79. **WAYPOINT DAMAGES**:

- **Statutory Damages**: $4,000 (FDCPA: $2,000 [§ 1692g, § 1692e(8)]; FCRA: $1,000 [§ 1681s-2(b)]; OUTPA: $1,000 [ORS § 646.608]).

- **Actual Damages**: $300,000 ($75,000 FDCPA § 1692g; $75,000 FDCPA § 1692e(8); $75,000 FCRA § 1681s-2(b); $75,000 defamation; $75,000 IIED; $75,000 OUTPA; $75,000 negligence; adjusted to avoid overlap).

- **Punitive Damages**: $1,875,000 (for willful violations and systemic misconduct, Exhibits B, C, F, comparable to $6,000,000 in BMW of N. Am., Inc. v. Gore, 517 U.S. 559 (1996) and $10,000,000 in TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443 (1993)).

- **Costs**: $10,000 (litigation expenses, including discovery, filing fees).

- **Total**: $2,189,000.

80. **CREDENCE DAMAGES**:

- **Statutory Damages**: $1,200 (FDCPA: $1,000 [§ 1692g(a)]; OUTPA: $200 [ORS § 646.608]).
- **Actual Damages**: $75,000 ($37,500 FDCPA § 1692g(a); $37,500 IIED; $37,500 negligence; adjusted to avoid overlap).
- **Punitive Damages**: $0 (insufficient evidence of recklessness beyond FDCPA violations).
- **Costs**: $2,500 (litigation expenses).
- **Total**: $78,700.

81. **AT&T Damages**:

- **Statutory Damages**: $2,000 (FDCPA vicarious: $1,000; OUTPA: $1,000 [ORS § 646.608]).
- **Actual Damages**: $50,000 ($25,000 FDCPA vicarious; $25,000 OUTPA; $25,000 negligence; $25,000 IIED; adjusted to avoid overlap).
- **Punitive Damages**: $375,000 (for reckless reassignment enabling violations, comparable to **BMW of N. Am., Inc. v. Gore**, 517 U.S. 559).
- **Costs**: $2,500 (litigation expenses).
- **Total**: $429,500.

82. **Total Damages**: $2,697,200.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

A. Statutory damages of $7,200, pursuant to 15 U.S.C. § 1692k, 15 U.S.C. § 1681n, and ORS § 646.608.

B. Actual damages of $425,000 for financial harm, reputational injury, emotional distress, and negligence caused by Defendants' reckless conduct.

C. Punitive damages of $2,250,000 for Defendants' willful and malicious non-compliance with the FDCPA, FCRA, and OUTPA, to deter future misconduct. *See Safeco Ins. Co. v. Burr,* 551 U.S. 47, 57 (2007); *BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 575 (1996).

D. Costs of $15,000, including filing fees, service of process, mailing, and litigation expenses.

E. A permanent injunction prohibiting Defendants, their agents, successors, or assigns from:

1. Reporting or re-reporting the Debt to any CRA;
2. Selling, assigning, or transferring the Debt;
3. Engaging in further collection efforts related to the Debt.

F. Leave to amend this Complaint as justice may require under FRCP 15.

G. Such other relief as the Court deems just, proper, and equitable.

## VIII. DEMAND FOR JURY TRIAL

83. Plaintiff demands a jury trial for all issues triable by jury, including financial losses, reputational harm, and emotional distress, under the Seventh Amendment of the United States Constitution.

84. If Defendants fail to file a responsive pleading within 21 days of service, per FRCP 12(a)(1), Plaintiff reserves the right to seek default and default judgment under FRCP 55, based on well-pleaded allegations and documentary evidence. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972).

## IX. EXHIBITS

The following exhibits, referenced in this Complaint, support Plaintiff's claims:

- **Exhibit A**: Communication Log documenting Plaintiff's debt validation requests to Waypoint and Waypoint's acknowledgments, including the Final Opportunity to Cure and

- Waypoint's failure to respond (February 18–March 12, 2025). **Previously filed with the Court in the First Amended Complaint.**

- **Exhibit B**: Documentation of a class action lawsuit where Waypoint settled FDCPA violation allegations (Alderman v. Prince-Parker & Associates, Inc., S.D. Fla). **Previously filed with the Court in the First Amended Complaint.**

- **Exhibit C**: CFPB Complaint No. 8363437 against Waypoint for similar conduct (February 16, 2024). **Previously filed with the Court in the First Amended Complaint.**

- **Exhibit D**: Plaintiff's Debt Validation Request to Waypoint (February 18, 2025). **Previously filed with the Court in the First Amended Complaint.**

- **Exhibit E**: Plaintiff's Final Opportunity to Cure Letter to Waypoint (March 12, 2025). **Previously filed with the Court in the First Amended Complaint.**

- **Exhibit F**: Waypoint's CFPB Portal Response (April 1, 2025). **Previously filed with the Court in the First Amended Complaint.**

- **Exhibit G**: Plaintiff's Dispute Letter to Credence (July 10, 2025) and Credence's Responses (July 11, 2025; July 23, 2025, "Credence Letter of Cancellation, Failure to Prove the Debt"). **New exhibit filed with this Second Amended Complaint.**

## X. CONCLUSION

Waypoint has no viable defense against the overwhelming merits and evidence of this case, as demonstrated by their failure to validate the Debt, false reporting to CRAs, and systemic misconduct evidenced by over 100 BBB complaints and prior lawsuits. Credence's letter serves as irrefutable proof that Waypoint could never validate the Debt, as they failed to provide proper communication or notice before reporting, in clear violation of 15 U.S.C. § 1692g(a) and §

1692e(8). With abundant evidence, Waypoint is guilty of every claim: FDCPA and FCRA violations, defamation, IIED, OUTPA deception, and negligence. Their failure to validate and provide proper notice exemplifies their negligence, escalating the damages suffered. Credence's actions exacerbated these harms, while AT&T is guilty of knowingly reassigning an unverified Debt and falsely treating a paid-in-full note as unpaid twice with intent to maximize harm to Plaintiff, in which they succeeded. The Court's granting of the Motion to Strike in full is warranted by the clear evidence of Defendants' violations. Justice demands holding Defendants accountable with statutory, actual, and punitive damages, injunctive relief, and costs totaling $2,697,200.

Dated: September 2nd, 2025                                              **RESPECTFULLY SUBMITTED,**

**GUSTAVO REYNAGA BONILLA**

BY: */s/ Gustavo Reynaga Bonilla, Agent*

58730 Noble Court

Saint Helens, Oregon [97051]

omegainterops@gmail.com

(503) 855-8341

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2nd, 2025, a copy of the foregoing was filed with the Clerk of this Court as is required via CM/ECF. Further, all counsel of record for Waypoint was served with the same via electronic filing notification. For new parties, AT&T and CREDENCE, they will be served via certified mail.

/s/ Gustavo Reynaga Bonilla, agent

*Distribution:*

Robert E. Sabido

robert@sabidolawllc.com

SABIDO LAW, LLC

9385 SW Locust Street

Tigard, Oregon 97223

Telephone: (971) 302-6236


Jesse M. Tillman (Admitted Pro Hac Vice)

jay.tillman@frostechols.com

FROST ECHOLS LLC

Post Office Box 12645

Rock Hill, South Carolina 29731

Telephone: (803) 329-8984